## JOSE CARRASCO v. THE STATE.

No. 9153.   Delivered April 28, 1925.

Rehearing denied the State June 26, 1925

1.—Murder—Jurors—When Accepted—Cannot thereafter be Challenged.

Where on a trial for murder, a special venireman was accepted by the State and defendant as a juror, and impaneled, and thereafter, before the completion of the jury, over appellant's objections, the State was permitted to re-examine such juror, and to then peremptorily challenge him, the court sustaining the challenge, and discharging the juror, the error necessitates a reversal of the case.

2.—Same—Continued.

When a juror is accepted and impaneled in a felony case, he must remain on the jury to the termination of the trial.   In case of sickness or accident, or other causes rendering it impractible to proceed with the trial of the case before the jury as then constituted, the only course the court can take is to discharge the jury and to proceed to form another.   Following Sterling v. State, 15 Tex. Crim. App. 256 and other cases cited in this opinion.

Appeal from the District Court of El Paso County.   Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction of murder; penalty assessed at death.

The opinion states the case.

*E. B. Elfers,* for appellant.

*C. L. Caldwell,* District Attorney; *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Appellant is condemned to suffer death for the offense of murder.

A recital of the evidence is deemed unnecessary.   Suffice it to say that it is sufficient to support the verdict.

From Bill of Exceptions No. 4, which is signed by the trial judge without qualification, the following facts are made to appear: On the first day of the trial, W. P. Clapp, a member of the special venire, was examined by the court and found to be a qualified juror.   He was thereafter examined at length by both the State and the defendant and accepted by both parties.   The juror was then sworn individually by the court to sit as a juror to try the case.   He was instructed by the court concerning his conduct while on the jury and delivered to the sheriff to remain in his custody during the selection of the other members of the jury.   Some twenty-four hours later, before the jury was completed, but after nine jurors including Clapp, had been selected and sworn and thus impaneled to try the

case, the district attorney stated to the court that he desired to make further examination of the juror Clapp, stating at the time that he was informed that Clapp had not truthfully answered some of the questions propounded on his voir dire. This examination was permitted over the objection of the appellant and many questions were propounded to the juror by the district attorney to which he made answers. The bill does not reveal whether they were in conflict with any previous answers given by him; nor, so far as is perceived, did the examination develop any disqualifying fact against the juror. At the conclusion of the examination, the court, against the protest of the appellant, permitted the State to exercise a peremptory challenge of the juror and thereupon excuse him from the jury. The court then proceeded with the selection of the other jurors until the jury of twelve had been completed. When juror Clapp was sworn to try the case, he became impaneled as a member of the jury, and the court was without power, without the consent of the accused, to dismiss him from the jury and select another in his stead. This was decided by this court in Hill v. State, 10 Texas Crim. App. 618; Wade v. State, 12 Texas Crim. App. 369; Ellison v. State, 12 Texas Crim. App. 580; Sterling v. State, 15 Texas Crim. App. 256. In Sterling's case, supra, in which the penalty assessed was confinement in the penitentiary for five years, the appeal was based upon the unauthorized discharge of one of the jurors after he had been impaneled. After six jurors were impaneled, one of them learning that his family was ill, the court, with the consent of counsel for the accused and in the presence of the accused but without his express consent, discharged the juror, selected another in his stead, and proceeded with the trial. The case was decided in the year 1883. From the language of Judge Willson in reversing the case, we quote:

"It has been settled by the decisions of this court that when a juror has been sworn in a capital case he is impaneled, and must remain upon the jury to the termination of the trial. The court has no power to excuse a juror impaneled in a felony case. In case of sickness or accident rendering it impracticable to proceed with the trial of the case before the jury as then constituted, the only course the court can take is to discharge the jury and to proceed to form another."

In the recent case of Crow v. State, decided in 1921, and reported in 89 Texas Crim. Rep. 149, practically the same question here presented was before the court. During the selection of the jury in the Crow case, supra, Harper, a negro, was accepted by both the State and the accused. He was the third juror selected and impaneled. After his selection, three other men were selected and sworn. Harper was excused from the jury with the consent of counsel for both the State and the appellant. With those remaining and others impaneled, a jury of twelve was completed and a verdict of con-

viction rendered.   This court held that the discharge of Harper without the express consent of the accused was fatal to the conviction, citing many cases.   In the opinion are cited cases announcing that if after the impanelment of the jury, and in a capital case, after the selection and swearing of the members of the jury, sickness or some compelling cause renders it impracticable to proceed with the trial before the jury as then constituted, the only course open to the court is to discharge the jury and to proceed to form another.   This course was followed in the case of Steen v. State, 92 Texas Crim. Rep. 99, in which the conviction was upheld.   In that case a disqualified juror was one of the six who had been impaneled. Upon discovering his disqualification, the appellant declined to make any agreement touching the procedure to be pursued.   The court discharged the six men and continued the case for the term.   At the succeeding term the appellant was convicted.   He then questioned the soundness of the ruling of the court in discharging the six jurors under the circumstances mentioned by way of a plea of former jeopardy.   This court upheld the conviction, stating in substance that the circumstances warranted the trial court in discharging the six jurors impaneled to the end that another jury might be selected to try the accused.   Without elaboration, we refer to the precedents mentioned and to others found in the opinions cited, and feel constrained to hold that in eliminating the juror Clapp from the jury after he had been sworn to try the case and in selecting another juror in his stead, all against the appellant's protest, the learned trial judge fell into error which renders it necessary to order a reversal of the judgment.   This is accordingly done.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State, through C. S. Vowell, the able district attorney who prosecuted in this case, has filed a motion for rehearing in which it urged (1st) that we were in error in holding that the State could not exercise a peremptory challenge upon a juror after he had been selected by both parties and sworn in a capital case but before the jury was completed and the defendant had pled to the indictment; (2nd) that the opinions are erroneous which announce that the trial court cannot under such circumstances stand a juror aside upon a challenge based upon causes which show such juror's disqualification which were not known to exist when the juror was accepted.

A decision of the last question is not called for in the present case. It is unnecessary to go into an investigation of the matter now and would demand a review of many former opinions from our own courts, and an examination of the statutes of other states from

which authorities are cited. However, it raises an interesting and important question which it may be necessary to consider at some future time.

In the present case the bill of exceptions shows that the State, over appellant's objection, was permitted to peremptorily challenge a juror who had already been accepted by both sides and sworn. We feel quite sure this procedure was improper and not sustained by decisions from our own State. Horbach v. State, 43 Texas Rep. 242; Drake v. State, 5 Texas Crim. Rep. 649.

The motion for rehearing is overruled.

*Overruled.*